UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-CR-20303-DPG

UNITED STATES OF AMERICA,

v.

JESUS TRUJILLO *et al.*,

Defendants.
_____/

## ORDER GRANTING GOVERNMENT'S OMNIBUS MOTION *IN LIMINE* AS MODIFIED

THIS MATTER is before the Court on the Government's Omnibus Motion *in Limine* [DE 121].[1] The Omnibus Motion *in Limine* seeks to preclude Defendants from introducing eight categories of evidence or argument. DE 121. Only Defendants Tamara Quicutis ("Defendant Quicutis") and Karel Felipe ("Defendant Felipe") responded to the Omnibus Motion [DE 182, 183].[2]

The parties do not oppose three requests. These are, respectively, blaming Medicare (III); argument regarding uncharged co-conspirators, selective prosecution, or other argument that would be tantamount to a request for jury nullification (IV); and volume, nature, or timing of discovery or the volume and type of federal resources used in the investigation and prosecution of the case (VI).

---

[1] Pursuant to the status conference held on March 29, 2023 [DE 179] and the Court's Order Setting Final Pretrial Conference [DE 180], the Court *sua sponte* vacated the earlier order granting the Government's omnibus motion by default for failure to respond [DE 129].
[2] Defendants Didier Arcia and Alexey Gil moved to adopt [DE 185, 193] the responses of Defendants Quicutis and Felipe to the Government's Omnibus Motion *in Limine*. The Court granted Arcia and Gil's motions to adopt [DE 199, 200]. However, these motions as to these two Defendants are now moot given Defendant Arcia's guilty plea on April 17, 2023 [DE 206] and Defendant Gil's guilty plea on April 19, 2023 [DE 214].

Because these requests are essentially a correct statement of the applicable rules of criminal procedure, evidence, and pertinent controlling case law in our Eleventh Circuit, they are **GRANTED**.

Defendant Quicutis objects only to Request I. DE 182 at 1. Defendant Felipe objects to Requests I, II, V, VII, and VIII. DE 183. The Court will take each of the opposed requests in turn.

Request I: Using Certain Prior Convictions to Impeach Government Witnesses

Defendant Quicutis seeks to introduce cooperating witness Alberto Orian Gonzalez-Delgado's ("AOGD") 1997 conviction for Medicaid provider fraud and 1996 conviction for possession of a telecommunications device for theft. *Id.* In its Reply, the Government agrees to the introduction of these two convictions so long as it can state in its case-in-chief that AOGD's custodial punishment for these crimes led to his meeting Defendant Quicutis. DE 197 at 1, 5. Defendant Felipe seeks to use all prior convictions of the Government's witnesses. DE 183 at 1.

Request I is **GRANTED** as to all listed convictions except AOGD's 1997 conviction for Medicaid provider fraud and 1996 conviction for possession of a telecommunications device for theft. Defendant Quicutis can introduce these convictions in her case, and the Government may introduce this evidence in its case-in-chief. The other convictions listed in the Omnibus Motion are too old, do not concern a type of fraudulent scheme like the one at issue, and have little probative value relative to their risk of undue prejudice. Defendant Felipe has failed to show exceptional circumstances justifying the use of an over-age prior conviction. *United*

2

*States v. Hairston*, 627 F. App'x 857, 860 (11th Cir. 2015). Therefore, his request to bring in any other convictions is denied pursuant to Federal Rule of Evidence 609(b).

Request II: Using Interview Reports to Impeach Government Witnesses

The Government seeks to ensure that Defendants do not attempt to impeach its witnesses with FBI and OIG / HHS agent reports of interviews with these witnesses. Because these are not statements of the person interviewed and they are an agent's summary, they are not statements within the meaning of the Jencks Act. 18 U.S.C. § 3500(e). This request is **GRANTED**, and Defendants may not publish or introduce the contents of the interview report as a prior inconsistent statement. *United States v. Saget*, 991 F.2d 702, 710 (11th Cir. 1993).

Request V: Introducing Evidence Related to the Government's Failure to Call Particular Witness

In this request, the Government seeks to prohibit any argument asking the jury to draw a negative inference for not calling a particular witness. Defendant Felipe's objection simply states, "The request is too broad as there are numerous reasons why a failure of a witness to appear would be relevant to argument." DE 183 at 2. He does not specify any reasons. No unfavorable inference could be drawn from the Government's failure to call a witness equally available to both parties. *See United States v. Richard*, 678 F. App'x 927, 941 (11th Cir. 2017). As long as the witness is equally available to be subpoenaed by either party, this request is **GRANTED**.

3

Request VII: Introducing Evidence Related to the Effects of Prosecution and Conviction

This request is **GRANTED**, because the jury's role is to determine guilt or innocence and it must reach its verdict without regard to sympathy, the potential punishment, or collateral consequences.

Request VIII: Introducing Evidence Not Timely Provided to the Government

The Court's Paperless Standing Discovery Orders [DE 11, 12, 14, 50, 82, 104], Federal Rule of Criminal Procedure 16(b)(1)(A)[3], and Local Rule 88.10(o)(5) require that the parties engage in reciprocal discovery. The Government represents that despite its several disclosures, it has received no discovery from Defendant Felipe. No other Defendant has filed any opposition to this request or provided reciprocal discovery. Therefore, it is **GRANTED**. Any document or evidence that has not been disclosed to the Government may not be introduced at trial.

Accordingly, it is

ORDERED that the Government's Omnibus Motion *in Limine* is GRANTED as set out in this Order.

DONE AND ORDERED in Miami, Florida, this 19th day of April, 2023.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record

---

[3] "If a defendant requests disclosure ... and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if: (i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial." Fed. R. Crim. P. 16(b)(1)(A).