**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-CR-20303-GAYLES**

**UNITED STATES OF AMERICA**

**v.**

**JESUS TRUJILLO,**

**Defendant.**

_____/

**UNITED STATES' RESPONSE TO**
**DEFENDANT'S MOTION FOR DOWNWARD VARIANCE**

The United States of America, through undersigned counsel, respectfully submits this response to Defendant Jesus Trujillo's ("Defendant" or "Trujillo") Motion for Downward Variance Pursuant to 18 U.S.C. § 3553 Factors with Incorporated Memorandum of Law in Aid of Sentencing, D.E. 381 (the "Motion"). Specifically, the United States responds to Defendant's argument that Section 4C1.1(a) of the United States Sentencing Guidelines, the "Zero-Point Offender" provision, applies to Defendant.[1]

Defendant asserts in his Motion that, notwithstanding that he agreed to an aggravating role enhancement as part of the parties' Sentencing Agreement, D.E. 376-1, the Defendant remains entitled to the 2-level reduction under the Zero-Point Offender provision of the United States Sentencing Guidelines, Section 4C1.1(a). Specifically, Defendant argues that Section 4C1.1(a)(10) only precludes defendants who get an aggravating role enhancement and engaged in a continuing criminal enterprise from eligibility, but not defendants who received only an

---

[1] The Government expects to address Mr. Trujillo's remaining arguments at the sentencing hearing—to the extent they are not already addressed in its Sentencing Memorandum, D.E. 377.

aggravating role enhancement.  Mot. at 6-7.  Defendant's argument should be rejected for several reasons.  First, the plain language of the provision removes from eligibility offenders who receive an aggravating role enhancement.  Second, courts around the country, including courts within the Eleventh Circuit, have addressed this textual question directly and have rejected the argument Defendant now makes.  And third, Defendant's interpretation of the provision renders language in the provision superfluous.

## **ARGUMENT**

### A.   The Plain Language of The Zero-Point Offender Provision Excludes from Eligibility Individuals who Receive an Aggravating Role Enhancement.

The language of Section 4C1.1(a) is unambiguous and permits only one interpretation on this issue.  Section 4C1.1 provides:

> (a)   <u>Adjustment</u>. – If the defendant meets all of the following criteria:
>
>   (1)   The defendant did not receive any criminal history points from Chapter Four, Part A;
>
>   (2)   The defendant did not receive an adjustment under §3A1.4 (Terrorism);
>
>   (3)   The defendant did not use violence or credible threats of violence in connection with the offense;
>
>   (4)   The offense did not result in death or serious bodily injury;
>
>   (5)   The instant offense of conviction is not a sex offense;
>
>   (6)   The defendant did not personally cause substantial financial hardship;
>
>   (7)   The defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induct another participant to do so) in connection with the offense;

(8)    The instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

(9)    The defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

(10)    The defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

Decrease the offense level determined under Chapters Two and Three by 2 levels.

If the Court applies an aggravating role enhancement, as the parties jointly recommend in the parties' Sentencing Agreement, Defendant is not eligible for the 2-level reduction under U.S.S.G. § 4C1.1(a).  *See* U.S.S.G. § 4C1.1(a)(10).

Under its plain language, subparagraph (10) is a qualifier—that is, Defendant "***must meet*** all of the following criteria: . . . (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) ***and*** was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848."  U.S.S.G. § 4C1.1(a).  Thus, if an offender does not meet both criterion in subparagraph (10), he or she is not eligible for the 2-level reduction.  Put plainly, Defendant is not eligible under the plain language of the Zero-Point Offender provision unless he did not receive an aggravating role and was not engaged in a criminal enterprise.  The plain language of Section 4C1.1(a) is unambiguous and forecloses Defendant's interpretation.  *See United States v. Mahee*, 2023 W 8452433 (N.D. Ga. Dec. 6, 2023) ("The Court begins and ends its analysis with the text of § 4C1.1(a), which is unambiguous.").

3

Contrary to Defendant's argument, this interpretation is consistent with the Eleventh Circuit's decision in *United States v. Garcon*, 54 F.4th 1274 (11th Cir. 2022).[2]  In *Garcon*, the Court was evaluating a different provision of the Sentencing Guidelines, Section 5C1.2 (the "Safety Valve" provision), and specifically the following language:

> (a)    Except as provided in subsection (b), in the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, or 46 U.S.C. § 70503 or § 70506, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)–(5) as follows:
>
> (1)    the defendant does not have—
>
> (A)    more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
>
> (B)    a prior 3-point offense, as determined under the sentencing guidelines; and
>
> (C)    a prior 2-point violent offense, as determined under the sentencing guidelines;

U.S.S.G. § 5C1.2(a); *see Garcon*, 54 F. 4th at 1276-77.  The Court ultimately held that this language requires that the defendant satisfy all three of the subparagraphs, (A), (B), and (C), to be

---

[2] The Supreme Court has granted cert in a related case, *United States v. Pulsifer*, 39 F. 4th 1018 (8th Cir. 2022), addressing the same question considered in *Garcon* of whether a defendant satisfies the Safety Valve provision of the First Step Act of 2018 (18 U.S.C. § 3553(f)(1)) so long as he does not have (a) more than four criminal history points, (b) a three-point offense, and (c) a two-point offense, or whether the defendant satisfies the criteria so long as he does not have (a), (b), or (c). *See id.*; *Pulsifer v. United States*, 143 S. Ct. 978 (2023) (granting certiorari).  Regardless of the outcome of that case, however, the interpretation of Section 4C1.1 offered by Defendant will not be supported.

excluded from eligibility for this provision. 54 F. 4th at 1277-80. The Court interpreted the "and" in subparagraph (B) as conjunctive. *Id.*

Notably, the Court explained its interpretation:

> [C]onsider the command, "You must not do A, B, and C." A person violates that prohibition only by doing all three prohibited acts—by doing A, together with B, together with C. *See* [ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS § 12, at 119 (2012)]. A person who does only A, only B, or only C is in the clear.

*Id.* at 1278. The provision the *Garcon* Court was analyzing, however, begins with the requirement that a defendant "***does not have***" a specific set of characteristics listed in subparagraphs (A), (B), and (C). U.S.S.G. § 5C1.2(a)(1).

Unlike Section 5C1.2(a)(1), Section 4C1.1(a)(10) is written as "you must: not do A and not do B." U.S.S.G. § 4C1.1(a) ("If the defendant meets all of the following criteria: . . . (10) the defendant **did not** receive an [aggravating role] adjustment **and was not** engaged in a continuing criminal enterprise[.]"). Here, Defendant is arguing for the Court to remove "not" from the provision. Defendant's preferred language would say "the defendant did not receive an [aggravating role] adjustment and engage in a continuing criminal enterprise." However, that is not how the provision is written.[3] *See Mahee*, 2023 W 8452433 (considering 4C1.1(a)(10) and distinguishing *Garcon*).

---

[3] Another example the Court used in *Garcon* was the prohibition "you must not drink and drive." *Garcon*, 54 F.4th at 1278. As the Court noted, "[t]o comply, a person may do either activity by itself but may not do both." *Id.* But Section 4C1.1(a)(10) is written with the same syntax as "you must not drink and not drive"—an entirely different prohibition that could only be satisfied if you neither drink nor drive.

Not only does the plain language demand that any defendant receiving a role enhancement be excluded from § 4C1.1's reduction, this result is consistent with the broader context of § 4C1.1. Section 4C1.1(a)(1) discusses aggravating role enhancements and continuing criminal enterprise adjustments. "Continuing criminal enterprise" is defined to necessarily include an aggravating role (*see* 21 U.S.C. § 828(c) ("a person is engaged in a continuing criminal enterprise if . . . such violation is a part of a continuing series of violations of this subchapter or subchapter II—(A) which are undertaken by such person **in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management** . . .") (emphasis added).

### B. Courts Have Interpreted the Operative Language and Rejected Defendant's Argument.

Several courts, including courts in this district, have ruled that offenders who receive an aggravating role enhancement are not eligible for the 4C1.1 reduction. In *United States v. Williams*, 2023 WL 8082074 (S.D. Fla. Nov. 21, 2023), for example, Judge Seitz ruled that the "Defendant does not qualify for the adjustment for certain zero-point offenders as he claims, because he was a supervisor in the charged drug conspiracy and received an aggravating role adjustment under § 3B1.1." Similarly, in *United States v. Barbieri*, 2023 WL 8472741 (S.D. Fla. Dec. 7, 2023), Judge Scola held that the defendant "plainly failed to meet requirements seven and ten [of § 4C1.1(a)]" because "Barbieri received sentencing enhancements as a leader and organizer of his trafficking organization, making him [] ineligible for the two-level decrease under requirement number ten."[4]

---

[4] *See also United States v. Wally Dorlus*, Case No. 21-CR-60119-SMITH (D.E. 124) (S.D. Fla. Dec. 19, 2023) ("The Defendant received an aggravating role enhancement, therefore he does not

The United States District Court for the Northern District of Georgia rejected the exact same argument Defendant makes here. *See Mahee*, 2023 W 8452433. In *Mahee*, the Richard Mahee pled guilty to conspiracy to commit wire fraud in connection with Paycheck Protection Program loans. At sentencing, the Court determined that Mahee was subject to a 4-level aggravating role enhancement under § 3B1.1 of the Sentencing Guidelines. The Court then concluded that Mahee was ineligible for a reduction under the Zero-Point Offender provision because of the application of the aggravating role enhancement. As the District Court explained:

> Reading the full context makes clear that the Zero-Point Offender Adjustment can only apply when the defendant has not done any of the things listed. If a defendant (or the crime) meets just one of the listed factors, the adjustment is not available. To be eligible, then, Mahee cannot have received an Aggravating Role Adjustment. He cannot have been engaged in a CCE. The crime of which he was convicted cannot have been a sex offense. He cannot have used violence in the commission of the crime. And so on. Since he conceded he was subject to the Aggravating Role Adjustment and the Court applied it, Mahee is not eligible for the Zero-Point Offender Adjustment.
>
> Mahee's read of § 4C1.1(a) would treat "and" in subsection (10) to mean "but." His argument was that he is entitled to the downward adjustment because he did not both (1) receive an Aggravating Role

---

qualify for a reduction."); *United States v. Rafael Alvarez Pineda*, Case No. 10-CR-20554-ROSENBERG (D.E. 108) (S.D. Fla. Dec. 14, 2023) ("As part of his plea agreement, the Defendant admitted to using violence, making a credible threat to use violence, or directing violence as well as being a manager and/or supervisor in the conspiracy. Therefore, the Zero Point Offender amendment does not apply to the Defendant.") (internal citations omitted); *United States v. Alexander Juan*, Case No. 22-CR-20431-MARTINEZ (D.E. 413) (S.D. Fla. Nov. 20, 2023) ("Here, Defendant is not eligible for a sentence reduction under subsection (10) as he received an aggravating role under § 3B1.1(a)"); *United States v. Bellamy*, Case No. 19-CR-60380-ALTMAN (D.E. 176) (S.D. Fla. Nov. 17, 2023) ("Therefore, the Defendant's role as an organizer of a criminal activity precludes her from a sentence reduction under § 4C1.1."); *United States v. Miguel Rodriguez-Orejuela*, Case No. 03-CR-20774-DIMITROULEAS (D.E. 338) (S.D. Fla. Nov. 16, 2023) ("Defendant is excluded from benefitting from that reduction because he received a four level enhancement for his role in the offense. That disqualifies him from benefitting from the zero point amendment.") (internal citations omitted).

> Adjustment and (2) engage in a CCE. As two appellate courts have concluded in interpreting a very similar restriction, however, Mahee's argument would only be correct if the provision "were phrased in terms of what the government would have to prove was true of the defendant, but ... the statute is phrased in terms of what the defendant must show was not true of him." *United States v. Draheim*, 958 F.3d 651, 657 (7th Cir. 2020) (emphasis in original) (*quoting United States v. Bazel*, 80 F.3d 1140, 1143 (6th Cir. 1996)).

*Mahee*, 2023 WL 8452433 at *2.  The Sixth and Seventh Circuits have reached the same conclusion when interpreting substantially similar language in the Safety Valve provision, U.S.S.G. § 5C1.2(a).  *See Bazel*, 80 F.3d at 1142-43, *Draheim*, 958 F.3d at 658.

**C.  Defendant's Interpretation Should Be Rejected Because It Conflicts With the Application Notes, Renders Language in the Provision Superfluous, and Produces Absurd Results.**

Defendant's interpretation also fails several other maxims of statutory interpretation. As explained in *Bazel*, language in the Safety Valve provision, 5C1.2, is effectively the same as the Section 4C1.1 requirement at issue here.  *See* U.S.S.C. § 5C1.2(a)(4) (Safety Valve applies if defendant meets certain criteria, including "(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]").  The Sentencing Guidelines Application Note for that provision states:

> Application of Subsection (a)(4) –
>
> (A)  "Organizer, leader, manager, or supervisor of others in the offense".—The first prong of subsection (a)(4) requires that the defendant was not subject to an adjustment for an aggravating role under §3B1.1 (Aggravating Role).
>
> (B)  "Engaged in a continuing criminal enterprise".—"Engaged in a continuing criminal enterprise," as used in subsection (a)(4), is defined in 21 U.S.C. § 848(c). As a practical matter, it should not be necessary to apply this prong of subsection (a)(4) because (i) this section does not apply to a conviction under 21 U.S.C. § 848, and (ii) any defendant who "engaged in a continuing criminal

8

enterprise" but is convicted of an offense to which this section applies will be an "organizer, leader, manager, or supervisor of others in the offense."

U.S.S.G. § 5C1.2, Application Note 3.  As the Court in *Bazel* explained, the second part of that application note demonstrates why Defendant's argument is irrational—because any defendant who is engaged in a continuing criminal enterprise will be an "organizer, leader, manager, or supervisor" rendering the first prong of subsection (a)(4) superfluous.  80 F.3d at 1144-45.  The language of Application Note 3, which states that "[a]s a practical matter, it should not be necessary to apply [the continuing criminal enterprise] prong of subsection (a)(4)," plainly indicates that each prong is separately considered, and if a defendant fails to satisfy the first prong (i.e., he or she receives an aggravating role enhancement), the Court need not consider the second prong.  *See Draheim*, 958 F.3d at 658.

Moreover, under Defendant's interpretation, the provision produces absurd results.  For example, an individual convicted of 21 U.S.C. § 848 continuing criminal enterprise but who *does not* receive an aggravating role enhancement would be eligible for the zero-point offender reduction—even though "continuing criminal enterprise" is *defined* to apply to organizers, supervisors, and managers with five or more other persons.  21 U.S.C. § 848(c)(2)(A).  Put simply, under Defendant's interpretation, an offender subject to a 20-year minimum mandatory sentence up to life under 21 U.S.C. § 848(a) would be eligible for the "Zero-Point Offender" reduction. That cannot have been the intended consequence of the provision.  Similarly, requiring both an aggravating role enhancement and participation in a continuing criminal enterprise would mean that this provision applies only in drug cases, as those are the only cases that can involve a continuing criminal enterprise as defined in 21 U.S.C. § 848(c).  Reading this provision, and §4C1.1 as a whole, it is extremely unlikely that the Commission intended this criterion to apply so

narrowly and permit leaders and organizers of continuing criminal enterprises engaged in other criminal conduct to obtain the two-level reduction.

## **CONCLUSION**

For the foregoing reasons, the United States requests that the Court deny Defendant's Motion for a Downward Variance with respect to his request that this Court apply U.S.S.G. § 4C1.1 to reduce Defendant's sentencing guidelines.


Dated: December 20, 2023      Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

GLENN S. LEON, CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

By:    */s/ D. Keith Clouser*
Jamie de Boer
Florida Special Bar No. A5502601
D. Keith Clouser
Florida Special Bar No. A5502882
Trial Attorneys
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, NW
Washington, DC 20005
Tel.:  (202) 304-6801 (de Boer)
Tel.:  (202) 256-0867 (Clouser)
Jamie.deBoer@usdoj.gov
David.Clouser@usdoj.gov

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that, on December 20, 2023, I served and filed the foregoing document with the Clerk of the Court via ECF.

             By:    <u>/s/ *D. Keith Clouser*</u>
                     D. KEITH CLOUSER
                     Trial Attorney
                     United States Department of Justice
                     Criminal Division, Fraud Section